ROBERT A. NIMBLETT *vs.* COMMISSIONER OF CORRECTION & another.[1] September 18, 1985. *Imprisonment*, Good conduct deductions.

The plaintiff, on his plea of guilty, has been convicted of a manslaughter committed in 1975 while he was engaged in a work-release program outside the physical confines of M.C.I., Monroe (G. L. c. 125, § 1[*d*], [*e*] and

---

[4] We, however, would be hard put not to view the comment as one which would have been better left unsaid.

[1] The superintendent, M.C.I., Norfolk.

[n]). Acting pro se, he has brought the present complaint for declaratory and injunctive relief to vindicate his belief that the authorities cannot refuse him good-time deductions from his maximum sentence for the manslaughter (twenty years) because, while out on work-release, he was not "confined in a correctional institution of the commonwealth" within the meaning of the third paragraph of G. L. c. 127, § 129, as in effect in 1975 and now. The appeal is from a summary judgment entered for the defendants. 1. The judgment must be affirmed for essentially the reasons given by the motion judge. In particular, we concur in the view that when the provisions of the first two sentences of the second paragraph and those of the first part of the third paragraph of G. L. c. 127, § 49, as appearing in St. 1972, c. 777, § 13, are read in conjunction with the preexisting provisions of the first sentence of the present third paragraph of G. L. c. 127, § 129, which have been in place ever since St. 1963, c. 535, a person who is permitted to be outside the physical confines of a State correctional institution on a work-release program established under G. L. c. 127, § 48, as appearing in St. 1972, c. 777, § 12, must be taken to be "confined in a correctional institution of the commonwealth" within the meaning and for the purposes of the first sentence of the third paragraph of said § 129. 2. Once the proper interpretation of § 129 is determined (as we have done for the first time in this opinion), any possible claim that that section constitutes an ex post facto law falls by the wayside.

*Judgment affirmed.*

*Robert A. Nimblett*, pro se.
*Michael W. Dingle*, Assistant Attorney General, for the defendants.